Bkooke, J.
As the bond is not made part of the record by the pleadings, it is not to be so treated, though it is noticed in the bill of exceptions, but the declaration alone is to be looked to, for the terms of the covenant on which the suit is brought. v
*101 It is a well settled principle, that covenants are to be con- . , . . , , .. ... sidered as either joint or several, according to the rights and interests of the parties; and this on the soundest reason; for though a covenant with several persons be joint and several in its terms, yet if the legal interest and cause of action be joint, the action must be brought by all; and, on the other hand, if the interest and cause of action be several, the action must be brought by one only, though the covenant be in its terms joint. Anderson v. Martindale, 1 East, 497; 1 Wms. Saund. 153. This rule of construction of covenants, though apparently technical, effects the great' purposes of justice, and avoids great inconvenience, and the costs of multiplied suits. So, where there is but one duty covenanted to be performed to two or more, they have a joint interest and but one action, otherwise, the defendant would be vexed with two or more suits for one thing, and the court would not know for whom judgement should be pronounced. On the other hand, where the rights are distinct, and plainly separate, the action must be several: for if a joint action be brought, there must be a joint judgement ; and one might recover a judgement for the rights of another, and by survivorship at the common law, claim the whole interest instead of his due proportion. It may happen also, that where there is but one duty to be performed to one of two individuals, yet both may be interested in the performance of it; in such case, the contract is joint, and both must sue : as where A. owes B. £ 100. and C. owes A. a like sum, and covenants with A. and B. to pay it to B. here A. though he is to receive nothing, is interested in the payment to B. and the action must be joint. Indeed, where a party covenants with two to pay money to one only, the law presumes an interest in the other, although he is to receive nothing; because he is joined in the contract, and there can be no other assignable motive for it; and there, the action must be joint, as in Anderson v. Martindale. The interest presumed in such case, must be a joint interest, as two could not have a several interest, in the per *102 formance of a single duty to one of them. But where the . . . . . , , covenant is with two jointly to pay to them £ 50 each, or to deliver a horse to each; in that case, though the language of the covenant is joint, yet the interest is several; for there are two duties to be performed, instead of a single duty, which two duties may be severed; and, as the interest of each is distinct and separate, and the one has ho interest in the performance of the duty to the other, by any inference from the covenant being joint, it is to be considered several and not joint: it is unlike the case in which the covenant is with two, and the duty to be performed to one only. So, where the covenant is joint and several, in its terms, yet if it appears that the interest and cause of action are joint, the action must be joint: as if one covenants to do an act for the benefit of two, and binds himself'to them and each of them for performance, the action must be joint, though these last words are words of severalty. Slingsby’s case, 5 Co. 19. a. 2 Bac. Abr. Covenant. D. p. 68. For, as there is a single duty only, a single action only will lie, or there would be a double recovery.
These principles govern the case before us. The declaration alleges, that the defendant “ covenanted with Brown and Jarman to pay them 300 dollars” (had it stopped there, it would have been a joint covenant; but it proceeds) “ to wit, to each of them one moiety thereof.” These are obviously words of severalty: two distinct duties are to be performed, in which each has a distinct and several interest. The words that follow—“ also the sum of 400 dollars”— do not alter the character of the preceding covenant, but on the contrary take its character from it, as in Northumberland v. Errington, 5 T. R. 522. Neither do the words .to each of them a moiety thereof,”’ give to that part of the preceding covenant, a several as well as joint character merely : they extinguish its joint character, not by adding a new principle to the contract, but by explaining that which the previous words seemed to give it. Those words “ to each of them a moiety thereof,” do not make *103 the covenant joint and several, but several only. It is a , covenant to pay several sums to each ot them, and not to perform a single duty to both of them$ a covenant to pay several sums to each of two persons, respectively, 150 dollars to one and 150 dollars to the other. Each has a distinct interest in one of the sums, and no interest in the other. Nor does the joint contract of Brown and Jarman for the labour or duty to be performed on their part, affect the covenant of Carthrae to pay for that labour. Though their contract for the labour was joint, they might intend to be paid for it severally.
Upon this ground, without noticing the point presented by the hill of exceptions, both judgements are to be reversed.